**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

**No. 95-20558**

_____

**ADVANCE CARTRIDGE TECHNOLOGY,**

**Plaintiff-Appellant**

**VERSUS**

**J.B. INTERNATIONAL SHIPPERS, LTD.;**
**EXCO, INC.; BROTHER FRANCE, S.A.,**

**Defendants-Appellees.**

_____

Appeal from the United States District Court
for the Southern District of Texas
(95-CV-904)
_____

August 8, 1996

Before JONES, DUHÉ and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The court has carefully considered the excellent briefs and pertinent parts of the record in the above-styled case and concludes that it must affirm the district court's judgment for essentially the reasons stated by that court. In addition, the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

court clearly had authority to decide a motion to dismiss for lack of personal jurisdiction while the motion to remand was pending. See, e.g., Villar v. Crowley Maritime Court, 990 F.2d 1489 (5th Cir. 1993), cert. denied, 114 S.Ct. 690 (1994). Avitts, relied upon by appellants, is easily distinguishable, because in that case, unlike here, the federal court's lack of subject matter jurisdiction was patent, and no question of personal jurisdiction was at issue. Second, this court agrees with the district court's discussion of personal jurisdiction and its conclusion that there was no personal jurisdiction over Brother France for contract-related claims. Third, to the extent ACT asserts what might be construed as tort allegations against Brother France, there were insufficient contacts between Brother France and ACT in Texas to justify personal jurisdiction over the appellee on that basis.

**AFFIRMED.**